CANAVAN et al. v. NALLY et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

WORK AND LABOR—SET-OFF.

 In an action to recover for work and material in connection with a retaining wall constructed by defendant under a contract between the latter and the city, the defendant set up a counterclaim for expenses incurred by him in procuring the removal of large rocks willfully dumped by plaintiffs along the line of defendant's work. At the trial it appeared that the land on which the stones were dumped belonged to the city, and that the removal of the stones was not required by defendant's contract with the city, but was undertaken by him under the orders of the city engineer. Held, that plaintiffs were under no obligation to reimburse defendant for the outlay.

Appeal from special term.

Action by John Canavan and others against Christopher Nally and others. From a judgment dismissing the complaint, and granting de-

48 N.Y.S.—67

fendants affirmative relief on certain counterclaims, plaintiffs appeal. Modified.

The action was brought to foreclose a lien filed by the plaintiffs against moneys owing by the city of New York to the defendant Nally upon a contract between him and the city for the construction of a retaining wall along Riverside Drive, between Seventy-Ninth and Ninety-Sixth streets. The claim set out in the complaint is for excavation done pursuant to a contract in writing dated August 1, 1894, whereby the plaintiffs agreed to furnish the labor and material for excavating, and to excavate, 728 cubic yards of rock, as per measurement of the surveyor employed by the defendant Nally, and to break up, in sizes required for backing, at least 400 cubic yards of the material excavated, for which they were to be paid $2,500, and further agreed to rent to the defendant Nally, "when not in use on this work, their steam boiler, hoister, and derrick," for which Nally was to pay, "when retained by him," $10 per day, and "pro rata for parts of days when said steam boiler, hoister, and derrick are retained by them," under which contract the plaintiffs claim that they became entitled to receive from Nally, in addition to the $2,500 for excavation, $1,350 for the use of their steam boiler and two hoisters and derricks. The plaintiffs also claim, for extra work outside of the contract, $474.50, made up as follows: For cutting steps in rock, $108; for hauling stone and cement, $67.50; for boring with steam drills rock not to be excavated, $287; and for a new boom for derrick, $12. On account of these claims the plaintiffs allege a payment of $3,000, leaving a balance of $1,324.50. The defendant Nally's answer admits the amount due to the plaintiffs for excavating, $2,500, and the claim for use of derricks, to the extent of $779; and, with respect to the extra work, he admits the charge for cutting steps, $108, and for team hire, $67.50,—upon account of which he alleges that he has paid the plaintiffs $3,012. To offset the balance, he makes a counterclaim of damages for failure of plaintiffs to break up 400 cubic yards of rock, as provided by said contract, $71.67; work performed for the plaintiffs at their request, $105.80; 1,545 loads of earth filling furnished by the plaintiffs, for which a previous contract between the plaintiffs and Nally provided that they should pay him 25 cents a load, $340.40; damages for failure by the plaintiffs to furnish suitable stone pursuant to such previous contract, $33; and damages by reason of large rocks being willfully dumped by the plaintiffs along the line of the defendant Nally's work in Riverside Park, $1,810.67; making a total of $2,361.54, and leaving a balance claimed to be due to the defendant Nally of $1,919.04.

By the judgment the plaintiffs were allowed:

| | | |
|---|---:|---:|
| For excavation | $2,500 00 | |
| For use of derricks | 779 00 | |
| For cutting steps | 108 00 | |
| For team hire | 67 50 | |
| | | $3,454 50 |

And the defendant Nally was allowed:

| | | |
|---|---:|---:|
| For labor and material | $ 105 00 | |
| For earth filling | 340 40 | |
| For breaking up and disposing of stones dumped by plaintiffs in Riverside Park | 936 68 | |
| For damages because plaintiffs did not complete their contract in the required time | 140 00 | |
| For money paid to plaintiffs | 3,012 00 | |
| | | $4,529 08 |

—Leaving a balance in favor of the defendant Nally of $1,074.58, which is stated in the judgment to be $1,072.58.

The plaintiffs admit the defendant Nally's counterclaim for labor and materials, of $105, and, as stated, admit the payment of $3,000; but they except to the items allowed to Nally for earth filling, for breaking up and disposing of the stone, and for damages because of delay in completing the contract. The plaintiffs further insist that their full claim for derrick hire should have been allowed, as well as their claim for a new boom for derrick, and for extra work in drilling rock. It appears that more than a year previous to entering into the contract for excavating, and on July 24, 1893, the plaintiffs,

by a written contract, in consideration of the sum of one dollar, had agreed to furnish to the defendant Nally all the stone that he might require for foundation masonry, at such times and places, and as the same were needed, along the line of the defendant Nally's work between Seventy-Ninth and Ninety-Sixth streets; such stone to be large and well shaped, as nearly rectangular as possible, and generally not less than six inches thick.  In addition the contract provided:  "For all filling of mold or clean earth which may be required by the party of the first part [Nally], the party of the second part [the plaintiffs] agrees to pay to the party of the first part the sum of twenty-five cents per load."

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellants.

Mortimer M. Menken, for respondent Nally.

O'BRIEN, J.   With respect to the items in dispute, we will first consider, in their order, those advanced by the plaintiffs.   We have first the item for extra work in drilling holes in rock at a place where it is conceded drilling was unnecessary, but concerning which there is a conflict as to whether the work was done by reason of the mistake of the plaintiffs or of the defendant Nally; second, the difference between the amount claimed and that allowed for use of derricks, as to which the evidence was also conflicting; and, third, the charge of $12 for a new boom, which the plaintiffs say Nally never paid, but which he testified he did pay.   As these presented clean-cut questions of fact, upon conflicting evidence, which was in no sense preponderating, we should not interfere with the decision reached by the judge below.   For a similar reason we must sustain the conclusion reached as to one of the items allowed of the defendant's counterclaim.   With respect to the earth filling, there was no question but that the number of loads allowed for at 25 cents a load were delivered; the conflict, however, arising as to whether there was a modification of the original agreement under which the plaintiffs were to pay such 25 cents, so as to permit them to have a free dump provided they would furnish the labor for spreading the dirt.   Such a modification of the contract is denied by Nally, and the court accepted his version.   There remain for consideration, however, two items of the defendant's counterclaim which we think were erroneously allowed.   The first amounted to $938.68, for breaking up and disposing of large foundation stones. The defendant testified that he gave the plaintiffs the privilege of putting in 400 yards of rock for foundation masonry, and that when about that amount had been delivered he notified one of the plaintiffs not to deliver any more stone, but that, though the latter promised to comply with the request, he thereafter continued until he had dumped over 2,000 yards of stone.   This, the defendant states, he requested the plaintiffs to remove, which they promised to do, but afterwards refused, and that eventually the defendant had to break the stone up, and haul it with teams, putting some of it behind the wall, in place of earth filling, and in other places as directed by the engineers, at a cost to him of $849.68.   To this the judge below added $59, presumably for interest, bringing the amount up to $938.68.   According to the testimony of the city engineer, he directed Nally to clear up the

rock; and it would therefore appear that the plaintiffs have been charged with the expense placed upon Nally by the city engineer, of clearing the ground of stone. Upon the part of the plaintiffs, there was a denial of any limitation as to the amount of stone that should be delivered. It also appeared that there were others, or at least one other contractor, who dumped stone, as he testified, along the line of the work. For the stone dumped by others the plaintiffs should not be held accountable. Nor do we know of any principle of law upon which the plaintiffs can be required to reimburse the defendant Nally for the cost to which he may have been put by the city engineer in removing the stone from the ground, placed there by plaintiffs. This was not shown to be part of Nally's contract with the city; and the suggestion that unless he did it he could not receive the certificate, so as to obtain payment, was not a sufficient justification for doing it, and then charging the plaintiffs with the cost thereof, because, if it was no part of his contract, he was entitled to his pay without complying with any such condition. Apart, however, from this, the land upon which the stone was dumped belonged to the city, and not to Nally; and therefore the acts of the plaintiffs in placing the stone there, if done without permission, was a trespass upon the city's property, for which the latter might have had a remedy over against the plaintiffs, but with which, so far as the record discloses, the defendant had no relation, other than that he was engaged in doing the work specified in his contract with the city. This gave him no such relation to the property as to entitle him to obtain damages from persons who might trespass upon the land or injure it by dumping stone thereon, and certainly it did not entitle him to recover from the plaintiffs for stone dumped by other persons. Equally without support is a similar item of $140, representing the wages of the city inspector for 35 days, at $4 a day, which was charged against the plaintiffs upon the testimony appearing that it took the defendant 35 days to clear away the material dumped by the plaintiffs along the line of his work, and which the engineer told him it was necessary to remove before he would sign the certificate to obtain his pay from the city. What we have already said about the removing of the rock applies equally to this item. Unless the defendant Nally was under a contract obligation, or had such a relation to the property that he could insist upon recovering damages for what he alleges were the plaintiffs' wrongful acts, it should not be allowed him. As we have already pointed out that no such relation existed, and that no such obligation was imposed upon the defendant, this, like the previous item, must fall.

The judgment should therefore be modified by deducting from the amount allowed to the defendant Nally by the court below these two items, amounting to $1,078.68, the result of which will be a judgment in plaintiffs' favor of $6.10; neither parties to have costs here, nor in the court below. All concur.